# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA

v.

PIERRE DAMON BROWN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30573

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

9/24/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Pierre Damon Brown Order of Detention

Defendant is charged by way of Criminal Complaint with Felon in Possession. Defendant is 28 years old, single and the father of one. He has no contact whatsoever with his parents or any of his siblings. He claims that he has lived with his friend, Monica Williams, since June 2013 at 18644 Kelly Road in Detroit. His aunt, Ms.Brown, claims to have no knowledge of Defendant's residence. Defendant would not provide any information regarding his previous residences. Defendant is unemployed with no source of income. Defendant could not verify any employment other than a job at Value Wood but was unable to give dates of employment or an address of the employer. His assets and income total $0.00.

On 9/13/2013 at 12:15 a.m. DPD was dispatched to Kelley and Morang in the City of Detroit. Defendant was seen holding a long weapon which he discarded in the grass. The rifle was recovered immediately. Defendant has multiple felony convictions.

Defendant reports being diagnosed with a bipolar disorder but denies ever receiving any mental health treatment.

Defendant admits to marijuana use since the age of 9, and also admits to use of other illegal drugs. He has a long history of alcohol abuse as well.

Defendant uses two dates of birth and several alias names, specifically Deemarko Dwayne Houston, Pierre Damon Brown, Pierre Antonio Brown, and Pierre Cordarrell Brown. The two dates of birth that he uses are 2/19/1989 and 6/27/1991.

Defendant is 28 years old but since the age of 19 has accumulated criminal charges and convictions at a dizzying pace...22 in all over a 10 year span. He has four felony convictions on his record, including Felony Larceny from a Person, Felony Obstruction of Judiciary, Legislature or Commission, Felony Traffic Offense, Felony Controlled Substance (X two), Delivery/Manufacture Marijuana, Felony Weapons, etc.

Defendant is currently serving a Parole Term with the Michigan Department of Corrections Wayne County Lawton Parole Office. His parole officer had advised that Defendant has been an absconder from parole supervision since May 24, 2013 and that his adjustment to community supervision has been poor.

Additionally, Defendant is serving a 1 year probation term out of Wayne County. The Wayne County Parole Department has issued a detainer (dated 9/20/2013) and the Probation Department will issue a warrant for Violation of Probation, according to the Parole Agent.

Defendant is deemed to be a risk of flight by a preponderance of the evidence. He is currently in absconder status from parole supervision (as of May 24, 2013), he has had multiple probation violation warrants and convictions and detainers, and he has adjusted poorly to supervision.

In addition, Defendant's substance abuse history (alcohol and drugs), his mental health history, his history of failure to appear, his lack of employment, financial and property ties all weigh in favor of his being a risk of flight.

Defendant is deemed to be a danger to the community by clear and convincing evidence, specifically the nature of the instant offense, his long history of prior arrests and convictions, his substance abuse history combined with his history of violent behavior, his lack of compliance in the past with the conditions set by Pretrial, Probation, Parole and Supervised Release and his history of domestic violence.

There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in Court. Detention is therefore Ordered.